ADOLFO B. GARBER (CSB No. 117817)
abgarber@sbcglobal.net
3580 Wilshire Blvd., Suite 1780
Los Angeles, CA 90010
Telephone No. (213) 383-1131
Fax No. (213) 383-1139

Attorney for Defendant,
Edgar Velasquez

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Lopez,<br><br>      Plaintiff,<br><br>vs.<br><br>Edgar Velasquez; and Does 1-10,<br><br>      Defendants. | Case No. 2:18-cv-06201-R (AFMx)<br><br>**DEFENDANT'S MEMORANDUM POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT & MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: February 19, 2019<br>Time: 10:00 a.m.<br>Room: 880<br>HON. MANUEL L. REAL |

## I
## INTRODUCTION

This motion for an order granting summary judgment and/or partial summary judgment (Federal Rule of Civil Procedure 56 (a) and (g)) in favor of Defendant, Edgar Velasquez, (hereinafter referred to as "defendant" or "moving party"), and against Plaintiff, Daniel Lopez (hereinafter referred to as "plaintiff"), is based on the fact that the plaintiff's federal claim (i.e., the First Cause of Action for alleged ADA accessibility discrimination) in this action is moot as the alleged access barriers (i.e., that alleged

construction accessibility barriers in the parking lot (i.e., lack of accessible parking for the disabled , see Complaint at p. 3, lines 5 & 6), ),  pavement slopes exceeding 2% (id.,  lines 18 & 19)  and the coin slots for machines were allegedly too high (id., lines 27 and 28, and p. 4, line 1) (the foregoing are hereinafter referred to collectively  as the "**claimed accessibility barriers**") which have already been corrected as confirmed by inspection and Declaration of Gabriel Argueta, a Certified Access Specialist. (See Declaration of Gabriel Argueta  at p. 2, lines 1-17), and the subject "property" is now ADA compliant.

<u>There are no other allegations in the Complaint of additional accessibility barriers present in the subject "property" at the time of the plaintiff's alleged "visit."</u> This case is a factually and legally uncomplicated.

Additionally, the moving party seeks dismissal of the Complaint and its predominating accompanying State cause of action (28 U.S.C. section1367 (c) (2) (3)), on the basis of mootness of the stated federal claim.

## II
## LOCAL RULE 7-3

In accordance with this Court's Standing Order (i.e., Order Re: Notice to Counsel, Paragraph No. 7), it is not necessary to "meet and confer" for any dispositive motion, including summary judgment.

## III
## STATEMENT OF FACTS

The plaintiff, Daniel Lopez a wheelchair user and serial litigant <u>with a staggering one hundred and seventy-seven (177) similar other cases filed from just June 9, 2012 to December 6, 2018 in the Central District alone</u>, claims that on an unspecified date in "February 2018." (see Complaint, at p. 2, line 28), he "went" to a  defendant's business called "Aranda's Carwash," located at 349 E. Florence Avenue, Los Angeles California 90003, (hereinafter referred to as "car wash' or "property") (id.). to "wash his van." (id.).The stated self-service car wash is owned and operated by the moving party. (**Fact**

1, "Separate Statement of Unconverted Facts and Conclusions of Law; hereinafter all bold Facts are contained in the stated "Separate Statement), The moving party has owned the "car wash" since 2002 (**Fact 2**).

Pursuant to Fed. R. Evi. 201 (c) (1), it is requested that the Court take judicial notice of the operative Complaint and Answer (Exhibits C and D respectively listed in the accompanying Appendix), as well as judicial notice of the previous one hundred and seventy-seven (177) other similar cases filed by the plaintiff in the Central District.

On July 18, 2018, the plaintiff filed his complaint, alleging two (2) Causes of Action against this "moving party;" namely, the 1st Cause of Action is for an alleged violation of the ADA (42 U.S.C. section 12101 et seq.) (see Complaint, pp. 5-7, inclusive) which is the only cause of action based on federal law; and an additional California State Cause of Action: (the 2nd Cause of Action), a claimed violation of the Unruh Civil Rights Act (Calif. Civil Code sections 51-53) (id., p. 7, lines 12-28, inclusive and p., lines 1-3, inclusive), which seeks monetary damages against the moving party as no monetary damages are allowed to private plaintiffs under the Title III of the ADA (*Wander v. Kaus,* 304 F 3d, 856, 858 (9th Cir. 2002).

Both causes of action are based on the same "claimed accessibility barriers" and the same operative facts as stated below.

(a) The "Claimed Accessibility Barriers" Have Been Removed

The subject "car wash" is a drive up self-service/self operated car wash (**Fact 3**) and with an adjoining parking lot with five (5) customer parking spaces. (**Fact 4**). The plaintiff claims that at an unspecified date in "February 2018 ((see Complaint, at p. 2, line 28), he "went" (id.) to the "car wash" and that the "claimed accessibility barriers" allegedly denied him access to the "property," but he fails to allege specifically how the "claimed accessibility barriers" interfered with his ability to access the "property," particularly since the car wash is self-service, and every customers ,whether able bodied or not, has to exit his/her own vehicle, take a brush to apply soap to the vehicle, then take a separate rinse gun to rinse the vehicle off him or herself.

**Defendant's Memo of P's & A's Supporting Motion for S.J.**

**Page Three (3)**

Significantly, the plaintiff admits that he did not "personally" encounter the "coin slots" machines at the property" (id. at p. 3, lines 27-28) (**Fact 5),** but California State law provides in relevant part that "(a) **plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion…"** (California Civil Codes section 55.56(b)). (Bold emphasis added). Regardless, the moving party promptly hired on August 18, 2018, a California Certified Access Specialist, Gabriel Argueta (See Declaration of Edgar Velasquez , p. 2, lines 6-7 inclusive) (**Fact 6**), who personally inspected the "property" (see Declaration of Gabriel Argueta at p. 2, lines, 1-16, inclusive) (**Fact 7**) and requested that the moving party correct the "claimed accessibility barriers."

That shortly after being informed of Mr. Argueta's findings, the moving party "hired an asphalt/cement contractor, Orlando Elias, to immediately correct all accessibility barriers." (Decl' of Edgar Velasquez at p. 2, lines 13 and 14) **(Fact 8)**

On December 18, 2018, Mr. Argueta re-inspected the "property" (**Fact 9**) and found that the parking lot had no accessibility barriers (**Fact 10**).

Mr. Argueta authored a written report of his findings, dated December 18, 2018, which is Defendant's Exhibit "A."  Subsequent to receiving Mr. Argueta's Compliance Report (Exhibit "A"), the moving party requested that he address the height of the coin operated machines in a report (see Declaration of Edgar Velasquez at p. 2, lines 19-21, inclusive), so Mr. Argueta authored a supplemental report (see Exhibit 'B"), confirming that the coin operated machines were also ADA compliant.

Accordingly, the plaintiff's federal claim is now moot and is subject to summary judgment and/or dismissal.

## IV

## STATEMENT OF LAW

## SINCE A PRIVATE PLAINTIFF CAN ONLY SUE FOR INJUNCTIVE RELIEF UNDER THE ADA, THE DEFENDANT'S VOLUNTARY REMOVAL OF ALLEGED BARRIERS PRIOR TO TRIAL CAN HAVE THE EFFECT OF MOOTING A

**PLAINTIFF'S ADA CLAIM & SUBJECTING IT TO SUMMARY JUDGMENT** .

(*Oliver v. Ralphs Grocery* Co., 654 F 3d 903, 905 (9th Cir. 2011))

**(A) Legal Standard for Summary Judgment**

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the Supreme Court said that the plain language of Fed Rule of Civil Pro. 56 "mandate(s) the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. The Ninth Circuit pointed out *In re Oracle Corp. Secs. Litig.*, 627 F 3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 242, 252), that "(t)he non-moving party must show more than the mere existence of a scintilla of evidence" to establish a material issue of fact that needs to be resolved at trial.

**(i) The Plaintiff No Longer Has Standing To Pursue an ADA Claim as it is Now Moot**

To prevail on a claim under 42 U.S.C. section 12182(b)(2)(A)(ii), denial of a public accommodation to a disabled person under the Title III of the ADA, in *Karczowski v. DCH Mission Valley, LLC*, 862 F3d 1006, 1010 (9th Cir. 2017), the Court said that "(t)he plaintiff must establish: (1) he is disabled as that term is defined by the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) the defendant employed a discriminatory policy or practice, and (4) that the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability."  Only injunctive relief is available under the ADA as a successful plaintiff cannot recover damages under Title III of the ADA. (*Oliver*, supra, at p. 905).

In the instant case, an essential element of the subject federal claim for injunctive relief is to demonstrate that the subject access barrier is still present at the defendant's

1  "property." There has to be a showing of continuing harm. (Fed Rule of Civ. Pro. 65).
2  As stated above, the "claimed accessibility barriers" have already been remedied. **(Fact**
3  **10)**. Mootness is a jurisdictional defect that can be raised at anytime by any party or
4  the court. (<u>Barilla v. Ervin</u>, 886 F. 2nd 1514, 1519 (9th Cir. 1989). "(A) case is moot when
5  the issues presented are no longer 'live' or the parties lack a legally cognizable interest
6  in the outcome." (<u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631 (1979), quoting
7  <u>Powell v. McCormack</u>, 395 U.S. 486,496 (1969)). The plaintiff in the case at bar cannot
8  demonstrate that an injunctive relief is still needed as to allegations in his complaint.
9      Consequently, the plaintiff, a serial litigant, no longer has standing to maintain his
10 claim for injunctive relief under the ADA.

11     **(ii) <u>The Plaintiff's Remaining California State Cause of Action Does Not Arise</u>**
12 **<u>Under Federal Law, And The Court Should Decline To Exercise Its Supplemental</u>**
13 **<u>Jurisdiction</u>**
14 .     In the <u>Oliver</u> case, <u>supra</u>, an ADA plaintiff, like the plaintiff in the instant case,
15 filed a federal claim for injunctive relief with accompanying State causes of action under
16 the Disabled Persons Act (Civil Code section 54) and the Unruh Civil Rights Act (C..C.
17 section 51) (<u>Oliver</u>, supra. at p. 905, and footnote 6 at p. 906), and initially alleging
18 eighteen (18) access barriers in his complaint, but those barriers were quickly remedied
19 by the defendants shortly after receiving the complaint (id p 906). The plaintiff in <u>Oliver</u>
20 then filed motions after the Scheduling Order to modify the scheduling order and to
21 amend his complaint, in order to add six (6) more access barriers. The district court
22 denied the plaintiff's stated motions, which were followed by the plaintiff submitting an
23 expert report "identifying approximately 20 'architectural barriers' at" (id) the defendants'
24 grocery store. The plaintiff's lawyer explained that he purposely delayed in disclosing
25 the additional access barrier, "because otherwise a defendant could remove all the
26 barriers prior to trial and moot the entire case." (id footnote 7, at p. 906). The district
27 court granted summary judgment against the plaintiff and declined to exercise
28 supplemental jurisdiction over the plaintiff's State law claims and dismissed them

**Defendant's Memo of P's & A's Supporting Motion for S.J.**

**Page Six (6)**

1 | without prejudice.

2 |     On appeal, the Ninth Circuit affirmed the district court's orders on both the summary judgment against the plaintiff and the dismissal of the plaintiff's State claims. (id. at p. 911). The appellate court in *Oliver* noted that as to the non-pleaded access barriers, "(i)n general, only disclosures of barriers in a properly pleaded complaint can provide such notice (i.e., fair notice required by Fed R. Civ. P. 8); a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute." id. at p. 909). Quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the *Oliver* in court stated: "(t)he Supreme Court has interpreted the 'short and plain statement' requirement (of Fed R. Civ. P. (8)(a)(2)) to mean that the complaint must provide 'the defendant (with) fair notice of what the ... claim is and the grounds upon which it rests.'" (*Oliver* at p. 908).

    Similarly, in the case at bar, the "claimed accessibility barriers," mentioned above, which barriers like those in *Oliver*, have already been timely remedied by the "moving party" shortly after being served with the complaint. In *Oliver*, supra, the Court said that by granting summary judgment to the defendants, "the district court properly disposed of 'all claims over which it ha(d) original jurisdiction.' 28 U.S.C. section 1367(c)(3). Because the balance of the factors of 'judicial economy, convenience, fairness, comity' did not 'tip in favor retaining the state-law claims' after the dismissal of the ADA claim." (at p. 911).

    The Ninth Circuit has further held that claims based on state law that incorporated the ADA by reference do not arise under federal law within the meaning of 28 U.S.C. Section 1331, reasoning that "Congress intended that such ADA violation *not* give rise to a federal cause of action for damages." *Wander,* supra, at p. 859 (emphasis in original). In fact, the Ninth Circuit has "often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors (for exercising supplemental jurisdiction)...will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Associates, Inc.*, 114 F 3d. 999, 1001 (9th

Cir.) supplemented, 121 F 3d 714 (9th Cir. 1997), as amended (October 1, 1997).

In reviewing the plaintiff's Complaint, his sole State cause of action seeks money damages (See Complaint at p. 8, lines 12 & 13), but monetary damages are not permitted under the ADA (*Wander,* supra at p.858). Therefore, this Court should decline to exercise its supplemental jurisdiction in this matter, particularly since Congress enacted the ADA to provide equal access for the disabled, not to be abused by them, which is precisely what the plaintiff is doing with this lawsuit as he has done with many other similar suits in the Central District.

///

## V

## CONCLUSION

For reasons stated above, Defendant, Edgar Velasquez moves for an order granting him summary judgment and/or partial summary judgment on the ground of mootness and lack of standing of the plaintiff's sole federal claim, i.e., an ADA Cause of Action, and that the Court declined to exercise its supplemental jurisdiction over the plaintiff's State claim and dismiss the Complaint with prejudice.

///

Dated: January 9, 2019                Respectfully submitted,


By  /s/   ADOLFO B. GARBER

ADOLFO B. GARBER, Attorney for

Defendant, EDGAR VELAQUEZ

3580 Wilshire Blvd., Suite 1780

Los Angeles, CA 90010

Telephone No. (213) 383-1131

Fax No. (213) 383-1139

Email: abgarber@sbcglobal.net

---

**Defendant's Memo of P's & A's Supporting Motion for S.J.**

**Page Eight (8)**