ADOLFO B. GARBER (CSB No. 117817)
abgarber@sbcglobal.net
3580 Wilshire Blvd., Suite 1780
Los Angeles, CA 90010
Telephone No. (213) 383-1131
Fax No. (213) 383-1139

Attorney for Defendant,
Edgar Velasquez

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Lopez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Edgar Velasquez;; and Does 1-10,<br><br>　　　　Defendants. | Case No. 2:18-cv-06201-R (AFMx)<br><br>**DECLARATION OF GABRIEL ARGUETA, CERTIFIED ACCESS SPECIALIST, IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: February 19, 2019<br>Time: 10:00 a.m.<br>Room: 880<br><br>**Honorable MANUEL L. REAL** |

I, Gabriel Argueta, declare the following:

(1) That I have personal knowledge of the following facts and if called as a witness, I could and would competently testify thereto:

(2) That I am a California Certified Access Specialist (CASp); my California certificate number is 126.

(3) That I am employed with G & A, Gabriel Argueta CASp Services, located at 15533 Faysmith Avenue, Gardena, CA 90249-4439 and my telephone number is (310) 597-5398.

(4) That on or about August 18, 2018, I was hired by Mr. Edgar Velasquez, to inspect alleged "readily achievable barriers" (Code of Fed Regulations (CFR) section 36.304) issues at a property located at 349 E. Florence Avenue, Los Angeles, CA 90003 (hereinafter referred to as "property") claiming, among other things, alleged lack of accessible parking stall for the disabled.

(5) That I did in fact inspect the "property" and I found that the above-mentioned the parking lot for the "property" required, among other things, (a) that the existing surface of the accessible parking area needed to remove the excess slope not to exceed 1.48 (2%); (b) that the accessible parking area had to be remarked so that the accessible parking space and the access aisle extend a minimum of eighteen feet (18') long; (c) that the international symbol of accessibility provided on the surface of the accessible parking space had to be remarked so that the symbol is provided over a thirty-six inch (36") square blue background; and (d) an additional sign alerting motorists that vehicles parked in designated accessible parking spaces not displaying placards or special license plates issued to persons with disabilities will be towed at owner's expense.

(6) That I informed Mr. Velasquez' of my findings, and requested that he address these barriers as soon as possible, which he agreed to do.

(7) Due to my busy work schedule, I could not return to the "property" until December, 18, 2018.

(8) That on my re-inspection on December 18, 2018, I found that the barriers listed in Paragraph 5, above, were no longer present, and the parking lot for the "property" was now ADA compliant. (Attached herewith as Exhibits "A and "B" are a true copy of my reports, dated December 18, 2018, which I personally wrote in the course and scope of my work).

(9) That subsequent to receiving the Initial Compliance Report (Exhibit "A"), Mr. Velasquez called to ask that I also address the height of coin operated machines at the

Dec'l of Gabriel Argueta In Support of Motion for Summary Judgment

Page Two (2)

"property" to determine if their height was ADA compliant.

(10) I had previously found that the coin operated machines at the "property" and their height was ADA complaint so I supplemented my original compliance report, Exhibit 'A' with a more detailed report, which is Exhibit "B."

(11) As of my last inspection of the "property" on December 18, 2018, the items listed at the "property" are now fully compliant with all applicable Standards of California Title 24 and ADAAG. I am not aware of other accessibility barriers at the "property."

I declare under penalty of perjury pursuant to the Laws of the United States of America, that the foregoing is true and correct to the best of my knowledge. Executed on January 16, 2019 in the City of Gardena, California.

GABRIEL ARGUETA