ADOLFO B. GARBER (CSB No. 117817)
abgarber@sbcglobal.net
3580 Wilshire Blvd., Suite 1780
Los Angeles, CA 90010
Telephone No. (213) 383-1131
Fax No. (213) 383-1139

Attorney for Defendant,
Edgar Velasquez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Lopez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Edgar Velasquez; and Does 1-10,<br><br>　　　　Defendants. | Case No. 2:18-cv-06201-R (AFMx)<br><br>**DECLARATION OF EDGAR VELASQUEZ IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: February 19, 2019<br>Time: 10:00 a.m.<br>Room: 880<br><br>HON. MANUEL L. REAL |

I, Edgar Velasquez, declare the following:

(1) That I have personal knowledge of the following facts and if called as a witness, I could and would competently testify thereto:

(2) That I am owner of the real property located at 349 E. Florence Avenue in the City of Los Angeles, California 90003, where I run my business, a self operated/self-service car wash, named Aranda's Carwash (hereinafter referred to as "property").

(3) That the stated "property" is a small commercial property that I have owned as a sole proprietor since 2002.

(4) The "property" only has five (5) spaces for washing a motor vehicle; there is no public parking available in the "property." I have five (5) parking stalls for customers only.

(5) On or about August 16, 2018 I had already contacted a contractor to correct the height of the coin slot on the "property."

(6) On August 18, 2018, I hired a certified access specialist, Gabriel Argueta (CASp No. 126) to inspect and advise of any accessibility barriers on the "property.'

(7) On August 18, 2018, Mr. Argueta came to the "property" and inspected the same and instructed me to hired a contractor to immediately correct all accessibility barriers.

(8) That I had already started repairs on the "property" even before receiving this lawsuit which I was never personally served with; only a copy was left at my home.

(9) Shortly after Mr. Argueta's inspection, I also hired a cement/asphalt contractor, Orlando Elias, to make the parking lot and its slopes ADA compliant.

(10) On or about October 19, 2018, Mr. Elias completed the repairs to the "parking lot."

(11) On December 18, 2018, Mr. Argueta returned to the "property" and re-inspected the parking lot and found that it had appropriate parking signage, accessible parking, accessible travel routes, and was ADA compliant.

(12) That subsequent to receiving Mr. Argueta's Compliance Report, Exhibit "A," I asked him to address the height of the coin machines, and he sent me a Supplemental Compliance Report, which is Exhibit "B," finding their height ADA compliant.

(13) That in "February 2018," I had no employees. I have earned less than $3,500,000.00 over the past three (3) years and I believe that we qualify as a "small business" pursuant to California Civil Code section 55.56(g)(2)(B).

(14) That apart from the parking lot and the height of the coin operated machine allegations, mentioned above, I am not personally aware of any other accessibility barriers that would prevent the "property" from being presently ADA compliant.

Dec'l of Edgar Velasquez in Support of Motion for S.J.

Page Two (2)

(15) Any person using the car wash must exit his/her vehicle to wash the vehicle, and then use a brush to wash the vehicle, and followed use of a water rinse gun that the customer must use to wash off the soap on the vehicle. This process takes about four (4) minutes and I have never seen a disabled person ever wash his/her car at the "property." I do not believe that the plaintiff ever went to my "property."

I declare under penalty of perjury pursuant to the Laws of the United States of America, that the foregoing is true and correct to the best of my knowledge. Executed on Jany 15 2019 in the City of Los Angeles, California.

EDGAR VELASQUEZ