CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq. SBN 280048
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Daniel Lopez**, <br>   Plaintiff, <br>  v. <br><br> **Edgar Velasquez**; and Does 1-10, <br>   Defendants. | **Case:** 2:18-cv-06201-R-AFM <br><br> **Plaintiff's Opposition to the Application for Stay and Early Mediation** |

## I. RELEVANT FACTS

Defendant was served with the Summons in this matter on August 28, 2018. (ECF #7.) Defendant filed an Application for Stay and Early Mediation on October 4, 2018. (ECF #12.) The Application was granted on October 17, 2018. (ECF #16.) Per that Order, the stay was to remain in effect for 90 days, until January 15, 2019. Defendant filed the present motion on January 17,

1

Opposition to MSJ                      2:18-cv-06201-R-AFM

2019, a mere two days after the stay was lifted. (ECF #24.) Plaintiff served Set One Discovery on January 28, 2019. (Ex. 1 – Proof of Service.)

## II. THE MOTION SHOULD BE DENIED TO PERMIT ADDITIONAL TIME TO COMPLETE DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(D)

FRCP 56 (D) prevents a party from being "railroaded" by a premature motion for summary judgment. [*Celotex Corp. v. Catrett* (1986) 477 US 317, 106 S.Ct. 2548, 2554) Under FRCP 56(D), If the party opposing a Motion for Summary Judgment shows that it cannot present facts essential to justify its opposition, "the court may:

  1. defer considering the motion or deny it;
  2. allow time to obtain affidavits or declarations or take discovery; or
  3. issue any other appropriate order.

A Motion for Summary Judgment should be denied or postponed where:

1. The facts indicate a *likelihood* that controverting evidence exists as to a material fact;
2. There are *specific reasons* why such evidence was not discovered or obtained earlier in the proceedings (i.e., "good cause"); and
3. The opposing party proposes steps to *obtain* such evidence within a *reasonable time* and an explanation of *how those facts will suffice* to defeat the pending summary judgment motion (i.e., to rebut the movant's allegations of no genuine issue of material fact). (*Tatum v. City & County of San Francisco* (9th Cir. 2006) 441 F3d 1090, 1101; *Trask v. Franco* (10th Cir. 2006) 446 F3d 1036, 1042; *In re PHC, Inc. Shareholder Litig.* (1st Cir. 2014) 762 F3d 138, 143-144—Rule

56(d) requirements can be summarized as "authoritativeness, timeliness, good cause, utility, and materiality.")

Factors supporting the denial or postponement of a Motion for Summary Judgment include where the summary judgment motion was made early in the litigation before relevant discovery could be completed or discovery had been *stayed* by court order (see *DiMartini v. Ferrin* (9th Cir. 1989) 889 F2d 922, 926—discovery stayed pending qualified immunity determination).

Here, the present motion was filed 2 days after the stay was lifted. Plaintiff has had no time to conduct discovery. Further, it is noteworthy that the evidence submitted in support of the motion is extremely weak. Defendant has submitted functionally no photos to support the present state of the subject property. The photos included in their expert's report are small, black and white, copies of copies that are wholly indecipherable and do not appear to depict measurements at all.

Due to the paucity of evidence submitted in support of his motion, there is a high likelihood additional discovery and investigation would reveal barriers remain at the subject property. The reason such evidence has not yet been gathered is there was a court ordered stay in the matter. Plaintiff will obtain such evidence through written discovery, which has already been served, as well as an expert inspection. Plaintiff anticipates discovery will reveal ongoing barriers to access at the subject property.

### III. THE DEFENDANT HAS NOT MET THE "FORMIDABLE" BURDEN OF ESTABLISHING MOOTNESS

In order to establish that the federal claim has been rendered moot, the defendants must establish two things: (1) that the violation has been fixed; and

(2) that the violation cannot be reasonably expected to recur. The defense has not established either of these prongs.

**A. The Defendants Have Not Established that the Barriers Alleged in the Complaint with ADA**

There is insufficient evidence before the Court to determine whether the recent work done complies with the law. The defense has not provide a single relevant measurement, instead offering an unsupported declaration that relevant measurements are "at least" the length, height, or width required by law. This is inadequate. Claims about the accessibility of physical conditions simply cannot be made without providing precise measurements. Given that Plaintiff has been robbed of the opportunity to independently verify these claims and that no photos have been submitted, the lack of precision is highly suspect.

"The issues involved in ADA accessibility cases are, to be frank, mind-numbingly boring; the ADA Accessibility Guidelines regulate design elements down to the minutest detail. But, although the ADA's requirements are highly technical, they are essential to serve a core function of all civil rights laws: ensuring that the arenas of civic life are open to everyone." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732, fn. 5 (9th Cir. 2007) (internal quotation marks omitted for readability). "Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." *Id.* Plaintiff's firm has many cases where ostensibly parking exists but the entire fight is over the configuration and measurements. The defendants did not provide a

single relevant measurement as evidence to the Defendants' claim that the barriers were remediated.

The plaintiff respectfully requests this Court refrain from making factual determinations that go right to the heart of the merits of the case before Plaintiff is allowed to conduct any discovery.

**B. The Defendants Have Not Established that the Violation Will Not Recur**

"The test for mootness…is a stringent one. Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203-04 (1968) (citation and internal punctuation omitted). Moreover, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). A claimed remedy "might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth,* 528 U.S. at 167. The party asserting mootness has "the heavy burden of persuading the Court that the challenged conduct cannot be reasonably expected to recur." *Id.* One court, presiding over an ADA case, summarized the standard as follows:

> The burden of establishing mootness by voluntary compliance is a heavy one. A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct.

5

*Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (internal cites and quotes omitted for readability).

In this case, the plaintiff alleged in his complaint that, "that there used to be an accessible parking space that served the Car Wash. Unfortunately, the defendants have allowed the parking space previously reserved for persons with disabilities to fade away or get paved over." Complaint ¶ 14. Without an injunction forcing the Defendants to comply with the ADA, this cycle will recur every few months or years. Thus, merely because defendants claim that the barrier has been removed, does not mean that it will also not be permitted to happen again. Moreover, the defendants only removed the barriers *after* being notified. Under such circumstances, courts have been advised to be skeptical. "It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is a probability of resumption." *Santiago v. Miles*, 774 F.Supp. 775, 793 (W.D.N.Y. 1991), *quoting*, *United States v. W.T. Grant,* 345 U.S. 629, 632 (1953) "[S]uch actions in the face of litigation are equivocal in purpose, motive, and permanence." *Jenkins*, 400 F.2d AT 33; *see also Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1186 (11th Cir. 2007) (collecting cases); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109 (1998) ("presumption" of future injury when cessation occurs in response to suit); *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 71-72 (1983); *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329, 1333 (11th Cir.2005) (per curiam) ("[V]oluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction."); *Houston v. 7-Eleven, Inc.*, 2014 WL 5488805, at *12 (M.D. Fla. 2014) ("The heavy burden of persuading the Court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. The Court

recognizes that Defendant has expended substantial efforts to bring the stores into compliance; however, the allegations of a pattern and practice of noncompliance cloud the issue.")

Merely fixing a problem after being sued does not render the claims moot. "The question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can by any effective relief. Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave the defendant free to return to his old ways." *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005) (internal cites and quotes omitted for readability). Here, if the Court finds that there were parking violations and the violations were the result of a failure to maintain the facility properly, the Court can certainly order the defendant to maintain parking in compliance with the ADA accessibility standards.

Thus the ADA claim is far from moot in this matter.

**C. The Defense Has Not Even Addressed the Voluntary Cessation Standard**

The defense has made no attempt in its moving papers to support a voluntary cessation claim. The defense seems to be working under the assumption that simply removing the barriers irrevocably solves the problem, moots the issue and deprives this Court of jurisdiction and the ability to provide effective relief under the federal claim. But the problem is deeper than the lack of a compliant parking or high coin slots. The problem is the failure of the defendant to make reasonable modifications in policies, practices, or procedures to maintain their facility. The parking has already been allowed to fall into disrepair once, and the defense put forth no evidence explaining how this violation will not recur in the future.

7

The *Moeller* case provides an example of the type of deliberate consideration that goes into a voluntary cessation claim. In *Moeller*, the defense raised the voluntary cessation claim and identified the existence of written policies and an actual maintenance contract it had entered into to demonstrate that the violations would not recur in the future. The Court considered those things and found that the defendant had not met the formidable burden of proving mootness. The Court reasoned that polices could be "rescind[ed] at any time," that the defendant "had on multiple occasions not followed its policy that accessible parking spaces have required signage," that the defendant "could change these policies-by, for example, not renewing its year-to-year contract with [maintenance company]" and so on. *See Moeller*, 816 F. Supp. 2d at 860-62. In sharp contrast, the defense in this case has not identified any policy, has not identified a maintenance agreement, has not identified a plan of any sort, and has not even tried to support this defense. Even if the defense had submitted evidence of this sort, the plaintiff would be entitled to test and explore those claims in discovery.

## IV. THERE IS NO BASIS FOR THIS COURT TO DECLINE SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS

Under 28 U.S.C. § 1367 ("section 1367"), where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004), *quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). In

addition, "economy, convenience, fairness and comity" should be considered in an analysis of supplemental jurisdiction. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). "[C]ourts routinely exercise jurisdiction over supplemental claims under the UCRA and the DPA, as these types of claims do not generally raise novel or complex issues of state law." *Kohler v. Islands Restaurants, LP*, 956 F. Supp. 2d 1170, 1175 (S.D. Cal. 2013).

Most importantly, the "justification" underlying the decision whether to maintain supplemental jurisdiction or dismiss claims, "lies in considerations of judicial economy, convenience and fairness to litigants . . .." *Gibbs*, 383 U.S. at 726. In fact, the Courts have recognized that judicial economy is the "*essential policy* behind the modern doctrine of pendent jurisdiction" and it supports "the retention of pendent jurisdiction in any case where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* (emphasis added), citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

Here, the case is several months old, mediation has been completed, and discovery has been served. Extensive time from both parties has been expended. Declining supplemental jurisdiction would cause a substantial duplication of effort.

///
///
///
///
///
///
///
///

# V. CONCLUSION

Plaintiff respectfully request this Court deny Defendant's Motion for Summary Judgment, or in the alternative postpone it so that Plaintiff may complete discovery.

Dated: January 29, 2019          CENTER FOR DISABILITY ACCESS


                                 By: /s/ Chris Carson
                                     CHRIS CARSON
                                     Attorneys for Plaintiff