JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ, | ) CASE NO. CV 18-6201-R |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' |
| v. | ) MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS |
| EDGAR VELASQUEZ; et al., | ) |
| Defendants. | ) |

Before the Court is Defendants' Motion for Summary Judgment and/or Partial Summary Judgment and Motion to Dismiss (Dkt. No. 24), which was filed on January 17, 2019. Having been briefed by both parties, this Court took the matter under submission on February 13, 2019.

The facts of this case are alleged as follows. Plaintiff Daniel Lopez is paraplegic and uses a wheelchair for mobility. In February 2018, Plaintiff went to Aranda's Car Wash ("the Car Wash") to wash his van. Defendant Edgar Velasquez owns the real property on which the Car Wash is situated, as well as the Car Wash. Plaintiff alleges that none of the parking spaces that served the Car Wash were marked and reserved for persons with disabilities. Plaintiff further alleges that a laundromat next door did have a marked parking space for people with disabilities, but it had slopes greater than 2.1% which is in violation of the law. In addition, while Plaintiff did

not personally confront this barrier, the coin slots for the Car Wash were located too high for those in wheelchairs to use. Plaintiff's Complaint alleges two causes of action, including violation of the Americans with Disabilities Act of 1990 ("ADA") and violation of the Unruh Civil Rights Act. It is on the ADA claim that Defendants seek summary judgment and on the state law claim that Defendants seek dismissal.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). To meet its burden of production, "the moving party must either produce evidence negating an essential element of the non-moving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir. 2000). Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Id*.

A plaintiff who claims discrimination under Title III of the ADA must establish that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Denial of public accommodations is defined as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" or, where there are no alterations "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 42 U.S.C. § 12182(b)(2)(A)(iv). To determine if Plaintiff describes an architectural barrier, the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Here, there is no dispute as to whether Plaintiff is disabled. Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. Due to Plaintiff's inability to walk, he clearly qualifies as a person with a disability under the ADA, and there is no genuine issue of material fact regarding this element. As for the second element, Defendant owns the real property located at 349 E. Florence Avenue, Los Angeles, California, and owns the Car Wash situated on the real property. Such self-service car wash is a place of public accommodation. Thus, there is no genuine issue of material fact that Defendant has an obligation to comply with the anti-discrimination provisions of Title III of the ADA.

The third element is satisfied if there was a violation of applicable accessibility standards. Here, Plaintiff argues that there were construction accessibility barriers in the parking lot (i.e., lack of accessible parking for the disabled), pavement slopes exceeding 2%, and the coin slots were too high. However, because the barriers have since been remedied, Plaintiff's claim is now moot. In addition to the elements discussed above, to prevail on a Title III claim of the ADA, the defendant must have discriminated against the plaintiff based upon the plaintiff's disability by failing to make a requested reasonable modification that was necessary to accommodate the plaintiff's disability. In other words, plaintiff must demonstrate that the subject access barriers are still present at the defendant's property. Here, the claimed accessibility barriers have been remedied. Shortly after being served with the Complaint, Defendants hired a California Certified Access Specialist, Gabriel Argueta, who personally inspected the property and requested that Defendants correct the claimed accessibility barriers. Defendants hired a contractor to correct the accessibility barriers and the property was later found to be in compliance. As a result, Plaintiff's claim is now moot and Plaintiff no longer has standing to bring this claim.

Furthermore, regarding Plaintiff's state law claim under the Unruh Civil Rights Act, the Ninth Circuit has "often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors (for exercising supplemental jurisdiction) . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Associates, Inc.*, 114 F. 3d 999, 1001 (9th Cir. 1997). Thus, this Court finds it appropriate to dismiss Plaintiff's state law claim.

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is GRANTED.  (Dkt. No. 24).

**IT IS HEREBY FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's remaining state law claim is GRANTED.  (Dkt. No. 24).

Dated: February 25, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE